UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:19-CR-00045-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| LONNIE K. RATLIFF, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 49].

I.  BACKGROUND

On January 30, 2020, Defendant pleaded guilty to one count of possession with intent to distribute 5 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense [*See* Docs. 25, 27]. With an offense level of 29 and criminal history category of II, based on a total of three criminal history points (one point for a simple assault conviction, and two points for possession of a controlled substance conviction, [Doc. 30, ¶¶ 35,36]) Defendant's advisory guideline range was 157 to 181 months [Doc. 47, pg. 1]. The Court sentenced Defendant at the bottom of that range to 157 months [Doc. 46, pg. 2]. Defendant is currently housed at FCI Bennettsville, and his projected release date is January 22, 2030. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 31, 2024). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 49].
1

## II.    ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, he received three criminal history points, none of which were status points. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1]

---

[1]    Defendant also requests appointment of counsel [Doc. 49, pg. 1]. "[T]here is generally 'no right to counsel in postconviction proceedings.'" *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021) (quoting *Garza v. Idaho*, ⸺ U.S. ⸺, 139 S. Ct. 738, 749 (2019)). "In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.

2

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 49] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>United States District Judge

---

1993)). Here, Defendant is ineligible based on straightforward application of Amendment 821. Counsel would not assist him in presenting his claims.